UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No. 14-1654
(6:12-cv-00023-NKM-RSB)
_____

HANWHA AZDEL, INC., f/k/a Azdel, Inc.

      Plaintiff - Appellant

v.

C&D ZODIAC, INC.

      Defendant - Appellee

 and

NEENAH TECHNICAL MATERIALS, INC.

      Movant - Appellee
_____

JOINT MOTION FOR SEPARATE APPELLEES' BRIEFS
_____

     Come now the Appellees, C&D Zodiac, Inc., (hereinafter "C&D") and Neenah Technical Materials, Inc., successor-in-interest to the former Crane & Co., Inc. subsidiary that operated the nonwovens business unit, which is the relevant business unit in this appeal (hereinafter "Neenah"), by counsel, pursuant to the provisions of Rule 27 of the Federal Rules of Appellate Procedure ("FRAP") and Local Rules 27(a), 28(a), and 32(b) of the Local Rules of the Fourth Circuit Court of Appeals, and respectfully move the Court for leave to file separate briefs with a

6313315v1

total number of pages that exceeds that allowed by Rule 32(a) of the FRAP and Local Rule 32(b), and in support whereof state as follows:

1.   C&D was the sole party defendant in the trial court below.  By far the preponderance of the issues raised by Appellant involve its challenge to the highly detailed, 33-page opinion by Judge Moon granting Summary Judgment in favor of C&D on all issues and dismissing the Appellant's Complaint against C&D.

2.   Appellant's Opening Brief presents seven (7) issues for review, three (3) of which have multiple sub-issues. The sheer number of issues, plus the manner in which the facts and law are presented compels C&D to address the issues raised by Appellant in considerable detail.  The standard of review for the C&D specific issues is *de novo*. C&D's response will necessarily require considerable consumption of brief space to address numerous characterizations of the evidence, by which the Appellant attempts to assert the existence of a genuine issue of material fact.  Appellant's brief also contains numerous disputed statements of the applicable law.

3.   Neenah was not a party to the litigation below, but responded to extensive document requests served by the Appellant.  During the course of this third party discovery, Neenah produced more than 62,500 pages of documents and 4 witnesses for deposition to Appellant.  Certain discovery disputes arose between Neenah and Appellant in connection with this production which were resolved by

the District Court.  However, C&D did not file briefs in connection with any of the discovery disputes between Neenah and Appellant.

4. Appellant's Amended Docketing Statement included an appeal of the District Court's ruling on one of the discovery disputes that it had with Neenah. By this process, Neenah was added as a "Movant-Appellee." The Crane/Neenah issue[1] essentially depends upon facts and law unrelated to and independent of the ruling on Summary Judgment which forms the basis of the other 6 issues raised in this appeal against C&D.

5. Because the Statements of the Case, Issues Presented, and Arguments to be addressed by C&D and Neenah are so different, with very little overlap, the Appellees believe their distinct and separate positions are best presented in two (2) separate briefs, instead of one consolidated brief.

6. Based upon the foregoing, C&D desires to be permitted to use the entire 14,000 words allowed by Rule 32(a), without any reduction in word count, for the separate Neenah discovery issue especially since, unlike the Appellant, Appellee has only one opportunity to brief these many issues on appeal. Even with considerable efficiencies in drafting, as encouraged by Local Rule 32(b), C&D

---

[1] The Crane discovery-related issue as framed by Appellant at Issue VI of Issues Presented for Review is whether "The District Court erred in permitting Crane to withhold documents from discovery on Crane's assertion of a common interest privilege with a non-party because Crane and the non-party shared no common legal strategy."

3

6313315v1

reasonably believes that it will require all of its allotment of 14,000 words to fully address the Appellant's arguments.

7.  Neenah desires an additional 5,000 words within which it may address its essentially separate discovery issue. Even with this additional allotment, Appellees combined will still be afforded fewer total words than Appellant is permitted for its opening brief and reply.

8.  Pursuant to the provisions of Local Rule 27(a), Appellees hereby certify that they have informed Appellant of their intent to file this Motion. Appellees further state that the Appellant did not consent to the granting of this Motion and The Movant expects the Appellant intends to file a response to this Motion.

WHEREFORE, the Appellees, by counsel, respectfully move the Court for the entry of an order as follows: a) to allow the Appellees to file separate Responsive Briefs; b) to allow C&D the full length provided in Rule 32 of the FRAP and Local Rule 32(b); and, to allow Neenah a total of 5,000 words for its separate brief.

Respectfully submitted,

C&D ZODIAC, INC.

_____/S/_____

6313315v1

Robert P. Silverberg
Claire L. Shapiro
SILVERBERG, GOLDMAN & BIKOFF, LLP
1101 30th Street, N.W.
Washington, D.C. 20007
(202) 944-3300
rsilverberg@sgbdc.com
cshapiro@sgbdc.com

Bevin R. Alexander, Jr. (VSB No. 21431)
J. Barrett Lucy (VSB No. 48512)
FREEMAN, DUNN, ALEXANDER, GAY,
    LUCY & COATES, PC
1045 Cottontown Road
Lynchburg, VA 24503
(434) 528-3400
balexander@freemandunn.com


NEENAH TECHNICAL MATERIALS, INC.


*/S/*
Mark D. Cahill
mcahill@choate.com
Jared M. Barnes
jbarnes@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-4099
Fax: (617) 502-4099


CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of October, 2014, a true copy of the foregoing Motion was filed electronically with the Clerk of the Court using the

5

6313315v1

CM/ECF system which will electronically send notification of such filing to Plaintiff Hanwha Azdel, Inc.'s counsel, Francis H. Casola, Esq., et als., WOODS ROGERS PLC, 10 South Jefferson Street, Suite 1400, Roanoke, Virginia 24038-4125.

_____/S/_____
Bevin R. Alexander, Jr.

6313315v1